**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**AT&T CORP.**, Civil No. 01-818 (JGL)

Plaintiff,

v.

**O R D E R**

**COMPAR, INC. and JOHN DOES (1-10)**,

Defendants.

---

APPEARANCES

Michael Hahn, Esq., and Graham Clark, Esq., for Plaintiff

Christopher Sandberg, Esq., for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on May 21, 2002 on Defendant's Motion to Dismiss and Plaintiff's Motion to Dismiss Defendant's Counterclaims. The parties have voluntarily consented to have the undersigned Magistrate Judge exercise jurisdiction and conduct any and all proceedings in this case including the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b).

FILED 6-3-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

The Complaint in this case contains the following factual allegations. Plaintiff AT&T Corp. ("AT&T") provided telecommunications services to Defendant Compar, Inc. ("Compar") in September and October 1999. AT&T presented invoices totaling $51,408.78 for services rendered during that time period, but Compar refused to pay. On May 10, 2001, AT&T filed a complaint in federal court seeking $51,408.78, interest on that amount, attorneys fees, and costs.

## I. COMPAR'S MOTION TO DISMISS THE COMPLAINT

Compar moves to dismiss the Complaint on the grounds that the Complaint does not adequately allege federal question jurisdiction and therefore violates the "well-pleaded complaint rule." The jurisdictional allegation in the Complaint reads as follows:

> This action arises under the Communications Act of 1934, 48 Stat. 1064, 47 U.S.C. Secs. 151 et seq., (the "Act"), which requires, inter alia, in Section 203 thereof, that organizations such as AT&T file with the Commission schedules of their charges and rates ("Tariffs") and further regulates the collection and uniformity of the Tariffs. This Court therefore has jurisdiction of this action pursuant to 28 U.S.C. Sec. 1331.

The Complaint specifically alleges that AT&T provided the telecommunications services at issue to Compar pursuant to the tariffs, that the invoices were presented for payment in accordance with the tariffs, and that the tariffs make Compar responsible for payment of the invoices.

The federal question jurisdictional statute provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-113 (1936)). That is, the complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

### A. **Whether Tariffs Filed Under the Communications Act Establish Federal Question Jurisdiction**

In Western Union International, Inc. v. Data Development, Inc., 41 F.3d 1494 (11th Cir. 1995), a provider of telecommunications services sued a customer for failing to pay for the services. See id. at 1495. Western Union sued pursuant to the Communications Act of 1934, 47 U.S.C. §§ 151 et seq., on the grounds that the Act required it to file tariffs with the Federal Communications Commission ("FCC"). See id. The telecommunications services were provided under the terms and conditions of one of the filed tariffs. See id. The Eleventh Circuit determined that the district court had jurisdiction

under the Act and the tariff scheme to collect the payment provided in the tariff. See id. at 1496. The court reasoned that the tariff was not merely a contract, but because it was required by law to be filed, it constituted the law. See id. (quotation omitted). Other circuit courts agree that federal courts have jurisdiction to hear such actions arising under a tariff. See id. (citing MCI Telecomm. Corp. v. Graham, 7 F.3d 477 (6th Cir. 1993); MCI Telecomm. Corp. v. Garden State Inv. Corp., 981 F.2d 385 (8th Cir. 1992); Ivy Broadcasting Co. v. AT&T, 391 F.2d 486 (2d Cir. 1968)).

The Eighth Circuit is one of the circuits holding that district courts have federal question jurisdiction over a telecommunications carrier's lawsuit for nonpayment of charges pursuant to a FCC tariff. See Garden State, 981 F.2d at 387-88. Thc court agreed with the Eleventh Circuit that "federal tariffs are the law, not mere contracts." See id. at 387 (citation omitted). Under Garden State, it would appear that this Court has jurisdiction over AT&T's lawsuit under 28 U.S.C. § 1331. AT&T's clam arises under the Communications Act and the tariff required by the Act. However, Compar next argues that the law of Garden State is inapplicable in light of the FCC's recent elimination of the tariff scheme on which AT&T relies.

**B. The FCC's Detariffing Scheme**

Compar observes that the FCC has changed its regulatory process and no longer requires telecommunications carriers providing international long-distance service to file tariffs. All such tariffs were to be canceled or withdrawn by January 28, 2002.[1] Thus, according to Compar, federal jurisdiction can no longer be based on the supposition that a tariff is law; where tariffs have been eliminated, they cannot have the force and effect of law. According to Compar, jurisdiction depends on the present state of the law, not the law at the time the underlying facts occurred. AT&T acknowledges that it no longer must file tariffs with the FCC, but asserts the regulatory change is irrelevant because jurisdiction depends on the law at the time the underlying facts occurred.

Compar's position is correct. "[W]hen a law conferring jurisdiction is repealed without any reservation as to pending cases, all cases fall with the law . . . ." Bruner v. United States, 343 U.S. 112, 116-117 (1952) (citations omitted); see also Landgraf v. USO Film Prod., 511 U.S. 244, 274 (1994) ("We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when

---

[1] On March 20, 2001, the FCC ordered all international tariffs to be withdrawn and cancelled by January 28, 2002. See Frontline Communications Int'l, Inc. v. Sprint Communications Co. L.P., 178 F. Supp. 2d 432, 434 (S.D.N.Y. 2001) (citing Policy and Rules Concerning the International, Interexchange Marketplace, FCC Docket No. 01-93, ¶ 9 (2001)).

the suit was filed."); Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 100 (1992) ("We have always recognized that when jurisdiction is conferred by an Act of Congress and that Act is repealed, 'the power to exercise such jurisdiction [is] withdrawn, and . . . all pending actions f[a]ll, as the jurisdiction depend[s] entirely upon the act of Congress.'") (Thomas, J., concurring) (quoting Assessors v. Osbornes, 76 U.S. (9 Wall.) 567, 575, (1870)); Iowa Pub. Serv. Co. v. I.C.C., 643 F.2d 542, 548-49 (8th Cir. 1981) (acknowledging Bruner). "Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" Landgraf, 511 U.S. at 274 (quoting Republic Nat'l Bank, 506 U.S. at 100 (Thomas, J., concurring)). The Eastern District of New York has aptly summarized the majority and concurring opinions in Landgraf:

> [A]s soon as jurisdictional statutes are enacted, they are applied to any case that is filed, regardless of whether the actual events alleged to have taken place pre-date the passage of the relevant jurisdictional statute. At times, of course, as Justice Scalia points out, the application of these jurisdictional statutes will unsuit a party who would have expected to have had access to the courts under the jurisdictional regime in force during the time when the litigable events occurred, or, more frequently, will relegate the dispute among the parties to a forum that is, in one way or another, undesirable or prejudicial to the rights of one or more of the litigants. This is inevitable due to the lack of a clear boundary between substance and procedure.

Abrams v. Societe Nationale des Chemins de Fer Francais, 175 F. Supp. 2d 423, 435 (E.D.N.Y. 2001).

AT&T asserts that Garden State "stands in the place" of a statute conferring jurisdiction and falls within the definition of "laws" as used in 28 U.S.C. § 1331. However, "[i]t is axiomatic that the federal courts lack plenary jurisdiction." Southwestern Bell Tel. Co. v. Connect Communications Corp., 225 F.3d 942, 945 (8th Cir. 2000) (citing Godfrey v. Pulitzer Publ'g Co., 161 F.3d 1137, 1141 (8th Cir.1998). In other words, "federal courts may only exercise jurisdiction where Congress sees fit to allow it." See id.; see also Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) ("Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.") (citations omitted). In this case, AT&T based jurisdiction on the former tariff filing requirement of the Federal Communications Act. (Compl. ¶ 4.) However, the Act no longer requires or even permits carriers to file tariffs. Thus, the jurisdictional basis for claims such as AT&T's no longer exists. In addition, given that the Federal Communications Act no longer requires filed tariffs, Garden State, which was founded on this premise, does not confer jurisdiction. It would be nonsensical when a statutory jurisdictional basis is repealed for a plaintiff to be permitted to rely on prior cases decided while the statute was effective as a jurisdictional

basis. If this position were correct, no repeal of a jurisdictional statute would be effective as long as prior case law existed.

It is important to note that in this case, like Bruner, AT&T has an alternative remedy pursuable in the state courts. See Bruner, 343 U.S. at 115; see also Landgraf, 511 U.S. at 274 ("Application of a new jurisdictional rule usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.'") (quoting Hallowell v. Commons, 239 U.S. 506, 508 (1916)). Thus, the Court's ruling does not deprive AT&T of the opportunity to pursue its claim.

For all of the above reasons, Compar's motion to dismiss the Complaint for lack of jurisdiction is granted.

## II. AT&T'S MOTION TO DISMISS COMPAR'S COUNTERCLAIMS

AT&T served Compar with discovery requests on February 1, 2002. On March 13, 2002, Compar's counsel explained that he had inadvertently overlooked the discovery deadline, and he assured AT&T that he would send the responses by March 22, 2002. However, unknown to Compar's counsel at the time, Compar's president, who is the individual with the knowledge of the discovery requested and the responsibility to respond, left the country on an extended business trip and took the materials necessary to respond to the discovery requests with him. Compar's counsel informed AT&T's counsel of these events and assured AT&T of receiving discovery as

soon as possible under the circumstances. Compar's president returned to the Twin Cities on April 17, 2002, and the discovery responses were served on April 19, 2002.

Pursuant to Federal Rule of Civil Procedure 37(d), AT&T now asks the Court to dismiss Compar's counterclaims for failing to respond to AT&T's discovery requests. A dismissal under Rule 37 is one of the most severe sanctions permitted by the rule and "appropriate only under limited circumstances." Laclede Gas Co. v. G. W. Warnecke Corp., 604 F.2d 561, 565 (8th Cir. 1979) (citations omitted). Most courts consider a motion to dismiss for failure to participate in discovery only after an order compelling the discovery has been sought, obtained, and violated. See, e.g., Societe Internationale v. Rogers, 357 U.S. 197, 206 (1958). Even then, dismissal is appropriate only when the failure to respond was due to willfulness or bad faith. See Laclede Gas, 604 F.2d at 565 (quoting Societe Internationale, 357 U.S. at 212). However, Rule 37(d) allows a court to make orders "as are just" in regard to a failure by a party to answer interrogatories. Fed. R. Civ. P. 37(d). Such an order may establish certain facts, prevent the party withholding discovery to support or oppose claims or to introduce certain evidence, strike pleadings or portions thereof, stay proceedings, dismiss the action or proceeding, or issue a default judgment. See id.; see also Fed. R. Civ. P. 37(b)(2)(A)-(C).

In this case, the circumstances of Compar's failure to timely answer AT&T's discovery requests do not make dismissal of its counterclaims a just resolution. There is no willfulness or bad faith by Compar warranting such a harsh sanction. Therefore, AT&T's motion to dismiss Compar's counterclaims is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Plaintiff AT&T's Motion to Dismiss Defendant's Counterclaims (Doc. No. 12) is **DENIED**;

(2) Defendant Compar's Motion to Dismiss the Complaint for Lack of Jurisdiction (Doc. No. 16) is **GRANTED**; and

(3) Plaintiff AT&T's complaint is **DISMISSED** for lack of subject matter jurisdiction.

Dated: June 3, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

## *Featured Speakers Include:*

**District of Minnesota**

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

**United States Bankruptcy Court**
**District of Minnesota**

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** *Judge Ann D. Montgomery* |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** *Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)* |
| 9:00-9:45 | **Current Issues in Employment Law,** *Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)* |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** *Tom Heffelfinger (U.S. Attorneys Office)* |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** *Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,* |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** *Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon* |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** *Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)* |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** *Daniel M. Scott (U.S. Federal Public Defenders' Office);* **Response by the Department of Justice --** *Tony Brown (U.S. Attorneys Office)* |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** *Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)* |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** *Martin A. Cole (Lawyers Professional Responsibility Office)* |

## *Seminar Registration*

☐ Member $195.00
☐ Non-Member $225.00

Name ____________________

Firm/Employer ____________________

Address ____________________

____________________

Phone ____________________

E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building